# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-113-GF-SEH |
| | CV-11-28-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | **ORDER** |
| SALVADOR AVILA-RIVERA, | |
| Defendant/Movant. | |

On April 28, 2011, Defendant/Movant Salvador Avila-Rivera ("Avila") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Avila is a federal prisoner proceeding pro se.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Review has been conducted.

## II. Background

On September 3, 2008, Avila was indicted on one count of illegal re-entry to the United States, a violation of 8 U.S.C. § 1326(a) ("Count 1"); one count of identity fraud, a violation of 18 U.S.C. § 1028(a)(4) ("Count 2"); and one count of aggravated identity theft, a violation of 18 U.S.C. § 1028A(a)(1) and (c)(4) ("Count 3"). Indictment (doc. 8) at 1-3. Chief Federal Defender Anthony R. Gallagher was appointed to represent him. Order (doc. 4).

Trial commenced on November 5, 2008. The third count of the Indictment was dismissed before the first witness was sworn. On November 6, 2008, the jury deliberated for less than half an hour before returning a verdict of guilty on Counts 1 and 2. Minutes (docs. 31, 34); Verdict (doc. 36).

A presentence report was prepared. The advisory guideline range recommended was 100-125 months based on a total offense level of 24 and a criminal history category of VI. Presentence Report ¶¶ 17-27, 40-43; U.S.S.G. ch. 5 Part A (Sentencing Table). On February 11, 2009, Avila was sentenced to serve 125 months in prison on Count 1 and 12 months on Count 2, concurrent, and a total of three years of supervised release if he returns to the United States. Minutes (doc. 48); Am. Judgment (doc. 52) at 2-3.

Avila appealed. On December 21, 2009, the Ninth Circuit Court of Appeals

affirmed the convictions and sentence. Mem. at 1-6, <u>United States v. Avila-Rivera</u>, No. 09-30068 (9th Cir. Dec. 21, 2009) (doc. 64). A petition for writ of certiorari was filed in the United States Supreme Court. It was denied on April 26, 2010. <u>Avila-Rivera v. United States</u>, 130 S. Ct. 2393 (2010). Avila timely filed a § 2255 motion on April 15, 2011. <u>See</u> 28 U.S.C. § 2255(f)(1); <u>Clay v. United States</u>, 537 U.S. 522, 527, 532 (2003); <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988); Mot. § 2255 (doc. 69) at 21.

### III. Avila's Allegations

Avila contends, first, that it was error to use a conviction he incurred 24 years ago to enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(D). Mot. § 2255 at 5-7. Second, he claims the jury was not adequately instructed about what it must find to conclude that he was "found in" the United States. Id. at 8-10. Third, Avila claims his criminal history category under the advisory sentencing guidelines was "over-represented" and that the nature of his conduct in prior offenses warranted a downward departure. Id. at 12-14. Fourth, he challenges the validity of his guilty plea in the 1986 case that supported enhancement under U.S.S.G. § 2L1.2(b)(1)(D). Id. at 15-16.

/ / /

/ / /

3

## IV. Analysis

### A. Claims 1 and 2

The issues in both Claims 1 and 2 were determined adversely to Avila on direct appeal. Mem. at 2, Avila-Rivera, No. 09-30067. They may not be relitigated in a § 2255 motion. See United States v. Scrivner, 189 F.3d 825, 828 n.1 (9th Cir. 1999) (noting that "relitigation bar" precludes reconsideration in § 2255 proceeding of claims raised and adjudicated on direct appeal); United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Claims 1 and 2 are denied.

### B. Claim 3

First, the Ninth Circuit on appeal held that "the district court correctly calculated the guideline sentence both for Avila's violation of 8 U.S.C. § 1362 and for his revocation sentences." Mem. at 5, Avila-Rivera, No. 09-30067. Avila's criminal history category, therefore, did not "over-represent" his history.

Even if the number of criminal history points had been lower, it would not have reflected accurately his presence in the United States, given not only his previous deportations but also previous felony convictions very similar to those incurred in this case. Presentence Report ¶¶ 38-39. Prior convictions obviously made little impression on him. The advisory guideline range was entirely appropriate. Sentencing Tr. (doc. 61) at 31:8-32:13. Claim 3 is denied.

## C. Claim 4

Avila may not challenge in this action the validity of a guilty plea underlying a state conviction that was entered in 1986 and became final long ago. Presentence Report ¶ 29; Daniels v. United States, 532 U.S. 374, 381-82 (2001); Custis v. United States, 511 U.S. 485, 496-97 (1994); United States v. Martinez-Martinez, 295 F.3d 1041, 1043-45 (9th Cir. 2002); United States v. Gutierrez-Cervantez, 132 F.3d 460, 462 (9th Cir. 1997), cert. denied, 522 U.S. 1083 (1998). Claim 4 is denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The conviction Avila challenges was his third in federal court for illegally re-entering the United States. The two claims are squarely barred by their rejection on

appeal. His third was decided in part on appeal. And, at any rate, there was no basis, legal or equitable, for discounting Avila's criminal history in any way. Finally, it is well established that a final state conviction may not be collaterally attacked in a federal sentencing or § 2255 proceeding. Avila has shown no violation of his constitutional rights. There is no reason or justification for further proceedings. A COA is not warranted.

ORDERED:

1. Avila's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 69) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Avila files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-11-28-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Avila.

DATED this 13th day of May, 2011.

SAM E. HADDON
United States District Judge